**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**THE MISSISSIPPI BAR**                                                              **COMPLAINANT**

**VERSUS**                                         **CIVIL ACTION NO. 2:06CV7-KS-JMR**

**KEVIN D. MUHAMMAD**                                          **RESPONDENT**

## ORDER OF REMAND

This matter is before the court on Motion to Remand and for Other Relief **[#4]** filed on behalf of the Complainant, The Mississippi Bar (the "Bar").  The court, having reviewed the motion, the pleadings and exhibits on file, the authorities cited and being advised that the Respondent has failed to respond, finds that the motion should be granted as follows;

This action arises out of a Bar Complaint filed in the Jefferson County Circuit Court against Kevin D. Muhammad ("Muhammad") asserting over one hundred violations of the Mississippi Rules of Professional Conduct governing attorney behavior in Mississippi.  After admitting the majority of the factual allegations of the Formal Bar Complaint, the Bar was granted summary judgment and the Complaints Tribunal was in the process of receiving evidence related to the imposition of discipline when Muhammad removed this action.  The Bar asserts that this matter has been improperly, improvidently, incompetently and maliciously removed and additionally, removed to the wrong court.  The Bar has moved for a remand of the case and for sanctions and an injunction against Muhammad to prevent further improvident removals.

Muhammad is a resident of Jefferson County, Mississippi.  The Bar is situated in

Hinds County, Mississippi, and is the designated Disciplinary Agent of the Mississippi Supreme Court for purposes of attorney discipline.

The Fifth Circuit has consistently held that the party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that court.  See *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975).  Even though this court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted).  Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

The removing party, Muhammad, has wholly failed to respond to the Motion to Remand.  However, his removal petition asserts that this court has jurisdiction under 28 U.S.C. § 1443 which provides for the removal of cases wherein it is alleged that one has been denied the equal protection of the civil rights laws guaranteed to citizens of the United States or of the various states.  Further, he alleges that his constitutional rights as protected by 42 U.S.C. §§ 1981, 1983, 1985 and 1986 have been violated by the "State of Mississippi."  Such contentions raise the prospect of jurisdiction under 28 U.S.C. §1441(b) as one arising under the Constitution or laws of the United States.

In order for the Court to properly entertain removal jurisdiction pursuant to 28 U.S.C. § 1441(b) under federal question auspices, the cause of action must be one which arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A suit arises under federal law if some substantial, disputed question of federal law appears on the face of the well pleaded complaint. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983). "A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is 'an element, and an essential one, of the plaintiff's cause of action.'" *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)(quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 111, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936)).

Muhammad's Notice of Removal alleges that the "State of Mississippi" has violated his constitutional rights to equal protection and a fair trial. However, the State of Mississippi is not a party to the litigation. The Mississippi Supreme Court has exclusive and inherent jurisdiction of attorney discipline maters. *See The Mississippi Bar v. Alexander*, 669 So.2d 40 (Miss. 1996); *Asher v. The Mississippi Bar*, 661 So,2d 722 (Miss. 1995); Miss. Code Ann. § 73-3-301 (Supp. 2005); Rule 1(a), Mississippi Rules of Discipline. Preliminary jurisdiction for the filing of Bar Complaints and the adjudication of complaints is vested in the Mississippi Bar and its Complaints Tribunal.

As far as the assertion of jurisdiction under § 1443, Muhammad has admitted the allegations of the Formal Bar Complaint and had summary judgment granted against him. He cannot assert that he has failed to receive a fair trial and the protection of the civil rights laws of the United States or of Mississippi on the basis of conduct which he

has admitted. Additionally, all of Muhammad's contentions are, at most, affirmative defenses to the findings of the Complaints Tribunal and as such cannot form the basis of jurisdiction. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d at 366.

The Bar points out that if this case were removable, it would not be removable to this court as venue is proper in the Jackson Division. The court finds that venue may also be proper in the Western Division at Natchez. However, that is of no moment. To transfer the case to another proper venue within the District would only prolong the matter and cause further needless delay. Venue is waivable and is generally proper anywhere within the District. Further, no party has moved to transfer, thus the court will attend to the matter on the merits as addressed above.

The Bar has also moved for sanctions and an injunction against Muhammad. The court is without sufficient information to impose such relief at this time and it will be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the court does not have jurisdiction to entertain this matter and the Motion to Remand **[#4]** is Granted and the case is Remanded to the Court from whence it came. The clerk of this court is directed to return this matter to that court forthwith.

SO ORDERED AND ADJUDGED this the 9th day of June, 2006.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE